Robinson, J.,
dissenting. The pronouncement of the majority of the court in this case does not change the interpretation of Section 1, Article Y of the Ohio Constitution, enunciated in State, ex rel., v. Con *143 stantine, 42 Ohio St., 437, that “Each elector of the district is entitled to vote for a candidate for each office to be filled at the election,” but declares that section inapplicable to chartered cities by reason of the provision of Section 3, Article XVIII of the Constitution, that “Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws.” Since it cannot be denied that these two sections may be construed together so as to give force and effect to each, the effect of the decision is to declare Section 3, Article. XVIII, paramount to Section 1, Article V. If paramount to Section 1, Article V, the same process of reasoning would make it paramount to all other provisions of the Ohio constitution. The pronouncement carried to its logical conclusion is: The in-' habitants of a chartered city, as between such inhabitants and the local government, have no constitutional rights.
I do not believe that the electors of the whole state have the power to vote the constitutional guarantees away from the people, of a portion of the state, nor do I believe they have consciously undertaken to do so.
In my opinion if the sustaining of the charter of the city of Cleveland requires the surrendering by its inhabitants, as between them and the local government, of all their constitutional rights, it is sustained at too great a cost to them. Therefore, I dissent 'from the reasoning, the pronouncement of law, and the judgment.